GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:  BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tele.:  (212) 637-2693
Fax:  (212) 637-2686
E-mail:  Brandon.Cowart@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH MARK BURTON as the Administrator of the Estate of FRANKLIN RAMOS SANCHEZ, MADGA LILIANA MARTINEZ ACOSTA, Individually and as m/n/g of F.N.R.M., an Infant, and FRANCY TATIANA RAMOS MARTINEZ,<br><br>                            Plaintiffs,<br><br>                           v.<br><br>UNITED STATES OF AMERICA; ANTHONY BUSSANICH, M.D., ROBERT BEAUDOUIN, M.D., TUNESIA MITCHELL, PA-C, YSMAEL JOAQUIN, MLP, JOHN DOE, M.D., OPERATIONAL LT. SHIVERS, BOP JOHN DOE SUPERVISOR 1, BOP JOHN DOE SUPERVISOR 2, AND JOHN/JANE DOES Nos. 1-10,<br><br>                            Defendants. | Case No. 18 CV 2039 (ER) (SDA)<br><br>**ANSWER OF DEFENDANT**<br>**<u>UNITED STATES OF AMERICA</u>** |

Defendant United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answers the complaint upon information and belief as follows:

1.      Denies, except admits that Franklin Ramos Sanchez, Reg. No. 71927-054, was incarcerated at the Metropolitan Correctional Center in New York, New York ("MCC New York") in March 2015.

2.      This paragraph contains Plaintiffs' characterization of the complaint and conclusions of law to which no response is necessary; to the extent a response is deemed necessary, denies.

3.      This paragraph contains Plaintiffs' request for relief to which no response is necessary.  To the extent a response is deemed required, denies that Plaintiffs are entitled to the requested relief or any relief whatsoever.

4.      This paragraph contains Plaintiffs' characterization of the complaint and conclusions of law to which no response is necessary.

5.      This paragraph contains Plaintiffs' conclusions of law regarding this Court's jurisdiction, to which no response is required.

6.      This paragraph contains Plaintiffs' conclusions of law regarding venue, to which no response is necessary.

7.      Avers that the Northeast Regional Office of the BOP received an administrative tort claim from Plaintiffs on March 13, 2017, and otherwise denies the remaining allegations.

8.      Admits.

9.      This paragraph contains Plaintiffs' conclusion of law to which no response is necessary.

10.     This paragraph contains Plaintiffs' conclusion of law to which no response is necessary.

11.     Avers that Plaintiffs filed Complaint No. 805103-2017 in the Supreme Court of the State of New York against Anthony Bussanich, Robert Beaudouin, T. Mitchell, Y. Joaquin, John Doe, and John/Jane Does, Nos. 1-10 on March 13, 2017, and avers that BOP responded to Plaintiffs' administrative tort claim on September 7, 2017.  The remainder of this paragraph contains Plaintiffs' characterization of the aforementioned complaint and a conclusion of law regarding "a timely FTCA claim," to which no response is required.  To the extent a response is deemed necessary, denies.

12.     Admits.

13.     This paragraph contains Plaintiffs' conclusions of law, to which no response is necessary.

14.     Admits.

15.     Admits.

16.     Admits.

17.     Admits.

18.     Admits that Plaintiffs and the United States entered into a stipulation of dismissal, avers that 28 U.S.C. § 2679, *et seq.* is the so-called "Westfall Act," and otherwise denies the remaining allegations in this paragraph.

19.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2

22.     Admits that MCC New York is a  Bureau of Prisons' ("BOP") facility located at 150 Park Row, New York, NY, and avers that Franklin Ramos Sanchez, Reg. No. 71927-054, was incarcerated at MCC New York from January 28, 2015, to March 15, 2015.

23.     Admits.

24.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  The second sentence is Plaintiffs' definition of a self-created term, for which no response is necessary.

27.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     This paragraph contains Plaintiffs' conclusions of law, for which no response is necessary.

29.     Admits.

30.     This paragraph contains Plaintiffs' characterization of the complaint, for which no response is necessary.

31.     Avers that Anthony Bussanich ("Bussanich") is licensed to practice medicine in the Commonwealth of Pennsylvania and approved to practice medicine as credentialed by the Federal Bureau of Prisons' Health Services Division, and otherwise denies the remaining allegations as vague and ambiguous.

32.     Admits that Bussanich provided medical care to Sanchez and otherwise denies as vague and ambiguous the remaining allegations in this paragraph.

33.     Admits that Bussanich provided medical care to Sanchez, and otherwise denies as vague and ambiguous the remaining allegations in this paragraph.

34.     Admits.

35.     This paragraph contains Plaintiffs' characterization of the complaint, for which no response is necessary.

36.     Avers that Robert Beaudouin ("Beaudouin") is licensed to practice medicine in the State of New Jersey and approved to practice medicine as credentialed by the Federal Bureau of Prisons' Health Services Division, and otherwise denies the remaining allegations as vague and ambiguous.

37.     Admits that Beaudouin provided medical care to Sanchez and otherwise denies as vague and ambiguous the remaining allegations in this paragraph.

38.     Admits that Beaudouin provided medical care to Sanchez and otherwise denies as vague and ambiguous the remaining allegations in this paragraph.

39.     Denies, and avers that Tunesia Mitchell ("Mitchell") is a member of the United States Public Health Service, and that she was stationed with the BOP at MCC New York from December 2010 to May 2016.

40.     This paragraph contains Plaintiffs' characterization of the complaint, for which no response is necessary.

41.     Avers that Mitchell is licensed as a Physician Assistant by the State of New York and approved to provide care as credentialed by the Federal Bureau of Prisons' Health Services Division.

42.     Admits that Mitchell provided medical care to Sanchez and otherwise denies as vague and ambiguous the remaining allegations in this paragraph.

43.     Admits that Mitchell provided medical care to Sanchez, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44.     Admits.

45.     This paragraph contains Plaintiffs' characterization of the complaint, for which no response is necessary.

46.     Avers that Ysmael Joaquin ("Joaquin") is a Mid-Level Practitioner approved to provide care as credentialed by the Federal Bureau of Prisons' Health Services Division.

47.     Admits that Joaquin provided medical care to Sanchez and otherwise denies as vague and ambiguous the remaining allegations in this paragraph.

48.     Admits that Joaquin provided medical care to Sanchez and otherwise denies as vague and ambiguous the remaining allegations in this paragraph.

49.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.     Admits that Kimberly Shivers ("Shivers") has been an employee of the Bureau of Prisons ("BOP") since April 1998, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.     Admits that Shivers was working as the Day Watch Activities Lieutenant on March 15, 2015, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.     Denies except admits that Shivers was working as the Day Watch Activities Lieutenant on March 15, 2015.

60.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61.     As to Shivers, denies.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

62.     As to Bussanich, Beaudouin, Mitchell, Joaquin and Shivers, admits.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

63.     This paragraph contains Plaintiff's characterization of the complaint for which no response is required.

64.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

65.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

66.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67.     Admits.

68.     Admits.

69.     Admits.

70.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

71.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

72.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

73.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

74.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

75.     Admits that on January 29, 2015, Bussanich was the Clinical Director at MCC New York, co-signed a Health Services Health Screen note dated January 28, 2015, and designated Sanchez as "Medical Care Level 2."  Otherwise, to the extent any allegations in this paragraph are inconsistent with the contents of Sanchez's medical records, Defendant denies.

76.     Avers that on January 28, 2015, BOP medical personnel ordered, among other things, Comprehensive Metabolic Profile, Glucose, Lipid Profile, and Urinalysis testing for Sanchez; admits that the medical records of Sanchez maintained by the BOP reflect that on January 29, 2015, Beaudouin cancelled the Comprehensive Metabolic Profile, Glucose, Lipid Profile, and Urinalysis tests, and ordered, among other things, laboratory testing in the form of a CBC w/diff, Comprehensive Metabolic Profile, Lipid Profile, Microalbumin, urine random, TSH, Hemoglobin A1C, Urinalysis, and fecal occult blood; respectfully refers the Court to Sanchez's medical records maintained by the BOP for a full and complete statement of the testing identified herein, and otherwise denies any allegations inconsistent therewith.

77.     Admits.

78.     Admits.

79.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

80.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

81.     Admits.

82.     Admits.

83.     Admits.

84.     Admits.

85.     Admits.

86.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

87.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

88.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

89.     Admits.

90.     Admits.

91.     Admits that Beaudouin entered notes concerning the visit with Sanchez on February 2, 2015.  The remaining allegations in this paragraph provide Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

92.     Admits.

93.     Admits.

94.     Avers that Bussanich reviewed the chest X-ray on March 11, 2015, and otherwise denies the allegations in this paragraph.

95.     Lacks sufficient knowledge and information to admit or deny the allegations in this paragraph.

96.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

97.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

98.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

99.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

100.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

101.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

102.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

103.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

104.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

105.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

106.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

107.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

108.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

109.     Denies, except avers that Beaudouin ordered X-ray imaging of Sanchez's abdomen to be performed by March 18, 2015.

110.     Admits.

111.     This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

112.     Denies.

113.     As to Shivers, denies.  Further answering, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the demonstrations of Sanchez and others relating to the alleged "medical emergency," and otherwise denies the remaining allegations in this paragraph.

114.     As to Shivers, denies.  Further answering, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the demonstrations of Sanchez and others relating to the alleged "medical emergency," and otherwise denies the remaining allegations in this paragraph.

115.     Admits.

116.     Admits.

117.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

118.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

119.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

120.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

121.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

122.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

123.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

124.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

125.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

126.    Denies.

127.    Admits that Joaquin and other BOP staff members reported to Housing Unit 11 South on March 15, 2015, to respond to a medical emergency.  Otherwise, this paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

128.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

129.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

130.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

131.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

132.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

133.    This paragraph provides Plaintiffs' characterization and interpretation of Sanchez's medical records.  Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

134.    Denies.

135.    Admits.

136.    Admits.

137.    The above responses to paragraphs 1 through 136 are repeated and realleged.

138.    Admits that BOP employees provided medical care to Sanchez on January 28, 2015, and at other times in January, February and March of 2015.  As to the description of the care provided, Defendant respectfully refers the Court to medical records identifying such care,

and denies any allegations inconsistent therewith.  Further answering, denies that Shivers provided medical care to Sanchez.

139.    Denies as vague and ambiguous.  Further answering, denies that Shivers provided medical care to Sanchez, and avers that Bussanich, Beaudouin, Mitchell, and Joaquin provided medical care to Sanchez in accordance with accepted standards in the medical community.

140.    Denies.

141.    Denies.

142.    Denies.

143.    Admits to providing medical care to Sanchez on January 28, 2015, that certain BOP medical personnel were aware of information contained in Sanchez's medical records maintained by the BOP, and respectfully refers the Court to medical records identifying such information, and denies any allegations inconsistent therewith.

144.    Admits that Bussanich and Beaudouin were aware of Sanchez's history of high blood pressure and hypertension, that he was taking Enalapril and aspirin to manage these conditions on a daily basis, and otherwise denies any allegations in this paragraph inconsistent with the medical records identified in paragraph 143.

145.    Admits.

146.    Denies as vague and ambiguous.

147.    As to the first clause, admits.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

148.    Avers that the medical records of Sanchez maintained by the BOP reflect that on January 28, 2015, BOP medical personnel ordered, among other things, Comprehensive Metabolic Profile, Glucose, Lipid Profile, and Urinalysis testing for Sanchez, respectfully refers the Court to Sanchez's medical records maintained by the BOP for a full and complete statement of the referenced testing, and otherwise denies any allegations inconsistent therewith.

149.    Denies as vague and ambiguous.

150.    Admits that Bussanich and Beaudouin were aware of the need monitor and medically manage Sanchez's health condition including hypertension, avers that such care was provided, and denies the remaining allegations as vague and ambiguous.

151.    Denies.

152.    Denies.

153.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

154.    Admits.

155.    Denies.

156.    Denies.

157.    Denies except admits that Sanchez presented to Beaudouin at approximately 2:40 p.m. on March 13, 2015, complained of pain in his abdomen on a scale of 10 out of 10,

complained of abdominal tenderness, and described having a normal bowel movement earlier in the day.

158.   Admits.

159.   Denies.

160.   Denies.

161.   Denies as vague and ambiguous.

162.   Denies.

163.   Denies.

164.   Denies.

165.   Denies that Beaudouin was negligent.  As to Plaintiffs' characterization and interpretation of Sanchez's medical records, Defendant respectfully refers the Court to those documents for a full and complete statement of their contents, and denies any allegations inconsistent therewith.

166.   Denies.

167.   Denies.

168.   Denies.

169.   Denies.

170.   Denies.

171.   Denies.

172.   Denies.

173.   Denies.

174.   Denies.

175.   Denies.

176.   This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, denies.

177.   The above responses to paragraphs 1 through 176 are repeated and realleged.

178.   Lacks knowledge or information sufficient to form a belief as to the truth of whether Sanchez had acute pancreatitis between March 13, 2015, and March 15, 2015.

179.   Denies.

180.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

181.   Denies.

182.   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

183.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

184.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

185.    Denies.

186.    Denies.

187.    Denies.

188.    This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, denies.

189.    The above responses to paragraphs 1 through 188 are repeated and realleged.

190.    Denies that Defendant violated any legal duty.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.

191.    Denies.

192.    Denies.

193.    Denies.

194.    This paragraph contains conclusions of law to which no response is required.

195.    The above responses to paragraphs 1 through 194 are repeated and realleged.

196.    Denies.

197.    Denies.

198.    Denies.

199.    This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, denies.

200.    This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, denies.

201.    The above responses to paragraphs 1 through 200 are repeated and realleged.

202.    Denies.

203.    Denies.

204.    Denies.

205.    Denies.

206.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

207.    Denies.

208.    Denies.

209.    Denies.

210.    As to Shivers, denies.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

211.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

212.    Denies.

213.    This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, denies.

214.    This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, denies.

215.    Denies.

216.    Denies.

217.    As to claims brought pursuant to the Federal Tort Claims Act, Plaintiffs are not entitled to a jury trial under. *See* 28 U.S.C. § 2402.

The un-numbered paragraph beginning with "WHEREFORE" contains plaintiff's prayer for relief to which no response is required.  To the extent a response is required, defendant denies the allegations contained therein.

## <u>DEFENSES</u>

1.    This action is subject to, and limited by, all of the provisions of the Federal Tort Claims Act, including any not specifically identified in this Answer.  *See* 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80.

2.    Plaintiff's recovery, if any, in this action is limited to the amount stated in Plaintiff's administrative claim, pursuant to 28 U.S.C. § 2675.

3.    Neither Defendant nor any of its agencies, employees, or agents was negligent in any manner nor violated any duty of care in regard to this matter.

4.    The damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of Defendant or any employee or agent of Defendant.

5.    To the extent the damages sustained by Plaintiff were due in whole to the negligence, carelessness and recklessness of Plaintiff, Defendant is not liable for damages.

6.    To the extent the damages alleged in the Complaint were caused in whole or in part by the negligence or other acts of third parties over whom Defendant exercised no control, any recovery must be proportionately reduced.

7.    In the event Defendant is found to be negligent, which negligence Defendant denies, to the extent the negligence or other culpable conduct of Plaintiff contributed to Plaintiff's damages, any recovery must be proportionately reduced.

8.    Plaintiff's recovery, if any, is limited by New York's statute on the liability of

persons jointly liable, N.Y. C.P.L.R. § 1601(1).

9.      Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. C.P.L.R. § 4545(c).

10.     The complaint fails to state a claim upon which relief may be granted.

11.     To the extent Plaintiffs' claims are based on the alleged negligent hiring, retention, evaluation, and training claims, those claims are subject to the discretionary function exception to the Federal Tort Claims Act waiver of sovereign immunity.  *See* 28 U.S.C. § 2680.

12.     Plaintiff may not recover costs in excess of those permitted by 28 U.S.C. § 2412, and to the extent attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. § 2678.

13.     Defendant is not liable for interest prior to judgment, or for punitive damages.  28 U.S.C. § 2674.

Dated:   New York, New York
         June 11, 2018

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York

                                   *Attorney for Defendant United States*

                         By:   /s/ Brandon Cowart
                               BRANDON H. COWART
                               Assistant United States Attorney
                               86 Chambers Street, 3rd Floor
                               New York, New York 10007
                               Tel.: (212) 637-2693
                               Fax: (212) 637-2702
                               E-mail: brandon.cowart@usdoj.gov