**MEMO ENDORSED**

# COHEN GREEN

January 4, 2021

> All discovery is stayed until July 5, 2021. The parties are directed to submit a joint status report and proposed scheduling order by that date. The case management conference scheduled for February 11, 2021 is hereby adjourned. The Clerk of Court is respectfully directed to terminate the motion. Doc. 51.
>
> So ordered.
>
> Edgardo Ramos, U.S.D.J
> Dated: 1/5/2021
> New York, New York

**BY ECF**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Burton, et al v. Bussanich, et al.*, 18 CV 2039

Your Honor:

I am co-counsel for Plaintiff in this medical malpractice and wrongful death action brought against the United States under the Federal Tort Claims Act, and against certain individuals employed by the Bureau of Prisons (the "BOP") under *Bivens*. This action arose from the death of Franklin Sanchez, a Colombian citizen who was in BOP custody after being extradited to the United States.

On behalf of all parties, I write respectfully to request that the Court continue the stay in this action (Dkt. 50) for an additional six months, in light of the ongoing impediments to conducting further discovery as described below. This is the second request for a stay.

As discussed in the parties' October 16, 2020 letter, we make this request in light of the ongoing disruptions to the ordinary course of business caused by the COVID-19 pandemic, which have limited the parties' ability to conduct witness depositions and otherwise complete discovery. For example, due to the pandemic, plaintiff's counsel have been unable to arrange interviews between our private investigator and inmate-witnesses who are incarcerated at different federal prisons throughout the country, or to schedule and conduct their depositions. Even prior to the COVID- 19 outbreak, obtaining authorization to speak with inmate-witnesses proved difficult because each institution has different requirements and administrative processes which must be satisfied. As the parties have represented in the past, meaningful interviews of those witnesses are necessary, among other things, to ascertain the true names of the John and Jane Doe Defendants and amend the operative pleading to include those true names. Beyond that, although the parties have identified some witnesses who are no longer incarcerated, we have not yet been able to conduct any depositions, due in large part to logistical and other impediments created by the pandemic. For example, the parties have struggled to overcome practical barriers to

COHEN GREEN

conducting the remote deposition of a non-party witness who does not have access to their own appropriate technology.

For the foregoing reasons, the parties jointly request that the Court continue the stay in this action for an additional six months.

The parties thank the Court for the Court's consideration of this request.

Respectfully Submitted,

/S/

Elena L. Cohen