UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH MARK BURTON as Administrator of the Estate of FRANKLIN RAMOS SANCHEZ; MADGA LILIANA MARTINEZ ACOSTA, Individually and as m/n/g of F.N.R.M., an Infant; and FRANCY TATIANA RAMOS MARTINEZ,<br><br>                              Plaintiffs,<br><br>                -v.-<br><br>UNITED STATES OF AMERICA; ANTHONY BUSSANICH, M.D.; ROBERT BEAUDOUIN, M.D.; YSMAEL JOAQUIN, MLP, NURSE; TERRANCE THOMAS, OPERATIONS LIEUTENANT; KIMBERLY SHIVERS, OPERATIONS LIEUTENANT; LORENZO BARAZZA, HOUSING UNIT OFFICER; QUENTIN HOLZENDORF, HOUSING UNIT OFFICER; GERALD CASTILLO, HOUSING UNIT OFFICER; SHAADIQ SHAKIR, HOUSING UNIT OFFICER; ROSALIND SILVIA, SENIOR OFFICER; WILSON SILVA; BOP JOHN DOE SUPERVISOR 1; and JOHN/JANE DOES Nos. 1-5,<br><br>                              Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 3/24/2023<br><br><br>18 Civ. 2039 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

On December 2, 2022, Plaintiffs filed a Second Amended Complaint naming seven new Defendants—Lorenzo Barazza, Gerald Castillo, Quentin Holzendorf, Shaadiq Shakir, Wilson Silva, Terrance Thomas, and Rosalind Silvia—all of whom are current or former employees of the Bureau of Prisons ("BOP") being sued in their individual capacity under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See* ECF No. 76. On January 30, 2023, the Court granted Assistant United States Attorney for the Southern District of New York Brandon Cowart's request, on behalf of all Defendants, to extend to March 17, 2023 the deadline

to respond to the Second Amended Complaint.  ECF No. 78.  The stated reasons for Mr. Cowart's request were to provide sufficient time for the newly added Defendants to obtain representation from the Department of Justice ("DOJ") and for the United States Attorney's Office to accept service of the Second Amended Complaint on behalf of those Defendants.  ECF No. 77.

On March 17, 2023, Mr. Cowart moved on consent for an extension to March 31, 2023 for all Defendants to respond to Plaintiffs' Second Amended Complaint.  ECF No. 82.  In that Letter-Motion, Mr. Cowart asserts that the United States Attorney's Office is authorized to represent "five" of the seven newly added Defendants, Lorenzo Barazza, Gerald Castillo, Quentin Holzendorf, Shaadiq Shakir, and Wilson Silva.  *Id.*  Mr. Cowart also maintains that the "Office is not currently authorized to represent defendants Terrance Thomas, *Shaadiq Shakir*, and Rosalind Silvia." *Id.* (emphasis added).

On March 17, 2023, Plaintiffs moved on consent for an order directing Defendants to provide the personal addresses, email addresses, and telephone numbers of current or former BOP employees Rosalind Silvia and Shaadiq Shakir.  Plaintiffs stated that this information was needed to facilitate service of the Second Amended Complaint on those two Defendants, whom "[d]efense counsel informed [them] . . . he does not represent."  ECF No. 81.  Plaintiffs also requested a *nunc pro tunc* extension from March 2, 2023 to April 23, 2023 to serve Defendants Silvia and Shakir under Federal Rule of Civil Procedure 4(m).  *Id.*

Plaintiffs argue, and Defendants do not dispute, that an exception to the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), permits disclosure pursuant to court order to facilitate discovery in litigation involving a federal agency.  *See id.*  The Privacy Act, 5 U.S.C. § 552a(b), prohibits a federal agency from "disclos[ing] any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written

request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). A federal agency may disclose a record if one of several enumerated "[c]onditions of disclosure" under that subsection applies. *Id.* Under subsection (b)(11), a federal agency may disclose a record "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(11).

Because the requested information is relevant and necessary in order for Plaintiffs to serve process on Defendants, Plaintiffs' motion to compel is GRANTED. *See, e.g.*, *Clymer v. Grzegorek*, 515 F. Supp. 938, 942 (E.D. Va. 1981) (sustaining, pursuant to § 552a(b)(11), plaintiff's motion to compel the release of a BOP employee's home address to perfect service of process); *see also, e.g.*, *Riascos-Hurtado v. United States*, No. 09-CV-0003 (RJD) (ALC), 2011 U.S. Dist. LEXIS 28008, at *1 (E.D.N.Y. Mar. 17, 2011) (granting, pursuant to § 552a(b)(11), plaintiffs' motion to compel documents relating to a former BOP employee that were "relevant to the action"). Such information shall be disclosed in accordance with the Protective Order entered in this case and shall only be used by Plaintiffs for purposes of perfecting service of process on Defendants. Plaintiffs shall have until April 23, 2023 to perfect service on Defendants Silvia and Shakir.

IT IS FURTHER ORDERED that Defendants' request for an extension to respond to the Complaint is GRANTED. By March 31, 2023, all Defendants represented by the United States Attorney's Office shall respond to the Second Amended Complaint. By March 27, 2023, the Office shall file a letter confirming whether it represents Defendant Terrance Thomas, who, as of the date of this Order, has not appeared. If the Office confirms that it is not representing Defendant Thomas, then Plaintiffs shall, by March 31, 2023, either request that an amended summons be issued for Defendant Thomas or file a letter proposing next steps for serving him with the Second Amended Complaint.

The Clerk of Court is directed to terminate ECF Nos. 81 and 82.

SO ORDERED.

Dated: March 24, 2023
      New York, New York

                                                    */s/ Jennifer H. Rearden*
                                                    JENNIFER H. REARDEN
                                                    United States District Judge