

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 25, 2023

**Application GRANTED.**

**By ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

SO ORDERED

*/s/ Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.
Date: Oct. 11, 2023

Re:    *Burton v. United States*, Case No. 18 CV 2039 (JHR) (SDA)

Dear Judge Rearden:

      This Office represents defendant the United States, sued under the Federal Tort Claims Act, and defendants Anthony Bussanich, Robert Beaudouin, Ysmael Joaquin, Kimberly Shivers, Lorenzo Barazza, Gerald Castillo, Wilson Silva, Quentin Holzendorf, Terrence Thomas, Rosalind Silvia, and Shaadiq Shakir, all current or former employees of the Bureau of Prisons ("BOP"), sued in their individual capacity under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (the "*Bivens* defendants"). The case arises from the death of Franklin Sanchez, a Colombian national extradited to the United States on criminal charges who died while in custody at the MCC. Plaintiffs are the Estate of Mr. Sanchez and family members.

      With Plaintiffs' consent, I write respectfully to request permission to file under seal a declaration exhibit which contains Mr. Sanchez's medical records created during his incarceration at MCC. To place the request in context, the *Bivens* defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). In the complaint, Plaintiffs quote extensively from BOP medical records. Accordingly, because these records are incorporated by reference in the complaint, the *Bivens* defendants included them as Exhibit 1 to the Declaration of Brandon Cowart.[1] These documents will be filed under seal on ECF and electronically related to this letter motion.

      Defendants respectfully submit that sealing of these medical records is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), in light of the privacy interests of individuals in their medical records. *See, e.g., Barnwell v. FCI Danbury*, 10 CV 1301, 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (noting a rebuttable presumption of openness of court filings but granting motion to seal in light of federal law's treatment of such records as confidential pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L.

---

[1] The Cowart Declaration, without Exhibit 1, was docketed with Defendants' other moving papers. Dkt. No. 96. At that time, the complete set of moving papers, including those being filed under seal, were served on Plaintiffs' counsel.

104-191 (1996)). Courts in this District have permitted the sealing of medical records, even if specific details relating to the individual's health appear elsewhere in the record. *See, e.g., United States v. Needham*, 460 F. Supp. 3d 323, 325 n.1 (S.D.N.Y. 2020); *United States v. Estevez*, No. 18 CR 669, 2020 WL 1911207, at *1 (S.D.N.Y. Apr. 20, 2020).

  We thank the Court for its consideration of this request.

                Respectfully,

                DAMIAN WILLIAMS
                United States Attorney for the
                Southern District of New York

            By: /s/ Brandon Cowart
               BRANDON H. COWART
               Assistant United States Attorney
               Telephone: (212) 637-2693
               E-mail: brandon.cowart@usdoj.gov

cc:  Plaintiffs' Counsel (by ECF)