

April 15, 2024

**BY ECF**
Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

By Electronic Filing.

Re:     *Burton, et al v. Bussanich, et al.*, 18 CV 2039 (JLR)(SDA)

Dear Judge Rearden:

My firm, with co-counsel, represents Plaintiffs in the case above. This letter motion concerns non-party witness Leyrani Gomez, and seeks leave to serve upon him a deposition subpoena by alternative means (specifically, email). Defendants consent.

By way of background, Plaintiff Franklin Sanchez died in March of 2015 while in custody at Metropolitan Correctional Center ("MCC")- New York. Leyrani Gomez was in federal custody and in the same housing area as Mr. Sanchez in the days leading up to - and at the time of - his death. In March of 2016, Mark Burton (the administrator here and original counsel for Mr. Sanchez's family and estate), interviewed Mr. Gomez via telephone while Mr. Gomez was still in federal custody. Shortly after that interview, Mr. Gomez sent a letter detailing the circumstances of Mr. Sanchez's death. Mr. Gomez's letter has been disclosed to defendants, along with an official translation and Mr. Burton's notes from the interview. True copies of these documents, and the official translation, are attached hereto. Based upon this interview and his letter, Plaintiffs want to depose Mr. Gomez. However, Mr. Gomez was released from federal custody in September of 2016 and deported upon his release to Mexico. Plaintiffs have attempted to locate Mr. Gomez, including by hiring an investigator and reaching out to his criminal defense attorney, but we have been unable to find a mailing address for Mr. Gomez in Mexico. We have been able to locate an email address for Mr. Gomez.

Plaintiffs now seek leave, as provided by Fed. R. Civ. P. 4(e)(1), 4(f)(3) and CPLR § 308(5), to serve a subpoena for a deposition upon Mr. Gomez at his e-mail address.

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve a defendant in any way authorized by state law in the district where the Court sits. In turn, then, CPLR 308(5) allows a Court to approve any method of service not specifically named in the rules, provided the methods in CPLR (1), (2), and (4) are "impracticable." "Service under § 308(5) requires a showing of impracticability of



the other methods of service, but does not require a showing of due diligence." *Ransome v Epstein*, 2018 US Dist LEXIS 15295, at *3 (SDNY Jan. 30, 2018). That is, what matters is not how hard a party has worked, but rather, based on the facts available to the Court, whether physical, personal service is just not practical.

Second, Fed. R. Civ. P. 4(f)(3) permits service by any "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). This is an even lower bar than Rule 4(e)(1): "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 2018 U.S. Dist. LEXIS 40128, 2018 WL 1275752, at *2 (S.D.N.Y. 2018). Thus, a party need not even make attempts to serve in another means once it is clear a party is in another country because "the rule does not require a party to serve process by the means specified in subsections 4(f)(1) and (f)(2) before a court permits alternative service by 'other means' under Rule 4(f)(3)." *Id.*

Here, either standard is readily met. Since Mr. Gomez was deported to Mexico by Defendant U.S.A., the modes of service in CPLR (1), (2), and (4) are certainly "impracticable" and unduly expensive. CPLR 308(5). *See, e.g., Cengage Learning v Xuhong Wang*, 2017 US Dist LEXIS 233195, at *4 (SDNY Sep. 14, 2017) (email service to parties in China with unknown addresses); *Safadjou v Mohammadi*, 105 AD3d 1423, 1424 (4th Dept 2013) (affirming decision to allow service of a known party in Iran by email, noting that the law "does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to subdivisions (1), (2) or (4) of CPLR 308"). Likewise, there is no "international agreement" (Fed. R. Civ. P. 4(f)(3)) with Mexico that prohibits email service — so under Rule 4(f)(3), email service is appropriate too.

In sum, for the reasons above, we ask the Court to permit alternative service of the subpoena to be deposed in this matter by email, whether under Rule 4(e)(1) or Rule 4(f)(3).

Respectfully submitted,

/s/
_____

Elena L. Cohen
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN