

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 24, 2024

**By ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007



Re:   *Burton v. United States*, Case No. 18 CV 2039 (JHR)

Dear Judge Rearden:

      This Office represents defendant the United States, sued under the Federal Tort Claims Act, and defendants Anthony Bussanich, Robert Beaudouin, Ysmael Joaquin, Kimberly Shivers, Lorenzo Barazza, Gerald Castillo, Wilson Silva, Quentin Holzendorf, Terrence Thomas, Rosalind Silvia, and Shaadiq Shakir, all current or former employees of the Bureau of Prisons ("BOP"), sued in their individual capacity under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (the "*Bivens* defendants"). The case arises from the death of Franklin Sanchez, a Colombian national extradited to the United States on criminal charges who died while in custody at the MCC. Plaintiffs are the Estate of Mr. Sanchez and family members. On behalf of all parties, we write to provide a status update on discovery and to respectfully request that the deadline for fact discovery be extended by 30 days, from June 14 to July 15, 2024, and that the Court correspondingly adjust the rest of the discovery schedule as set forth in the attached proposed revised scheduling order. This is the parties' thirteenth request for a modification of the discovery schedule. These other requests – submitted due to delays in discovery caused by closing of the MCC and relocation of staff, COVID, health problems of counsel, locating incarcerated and released inmates – have been granted.

      Since the last status update letter of April 13, 2024, Dkt. No. 135, the parties have continued to work cooperatively to complete discovery. Specifically, the Government has deposed three plaintiffs who reside in Columbia – Madga Liliana Martinez Acosta, Francy Ramos Martinez, and Franklin Sanchez, Jr. Based on information obtained at these depositions, the Government is considering whether to depose the administrator of Mr. Sanchez's estate, plaintiff Kenneth Mark Burton. Plaintiffs' counsel has deposed two inmates and defendant Shaadiq Shakir, and is coordinating with the BOP for the deposition of a third inmate. The Government is assisting Plaintiffs' counsel to arrange the deposition of one inmate living in halfway house and a second one recently released from a halfway house. Further, Plaintiffs' counsel is attempting to schedule the deposition of a third-party witness, Alexandra Suero, and by letter to the Court dated April 15, 2024, requested leave to serve Ms. Suero by email. *See* Dkt.

No. 136. Finally, Plaintiffs have issued a Rule 30(b)(6) deposition notice to the BOP identifying several subjects including, *inter alia*, investigations conducted by the Special Investigation Supervisors, post order instructions, documentation of inmate supervision, administration of medicine, management of sick call requests, inmate access to medication, documentation and document retention policies, as well as related training provided by the BOP. The Government will produce three BOP officials to testify on these topics. Based on witness and attorney availability, the parties have identified dates for these depositions to occur – June 24, June 25, and July 2, 2024 – if the fact discovery deadline is extended.

So that the parties can conclude the above discovery tasks, we respectfully request that the fact discovery deadline by extended until July 15, 2024, with expert reports due by August 14. In addition, the undersigned will be out of the office on a scheduled vacation the final two weeks of August. To account for this leave, I respectfully request that the deadline for production of rebuttal expert reports be extended to September 11, with expert depositions to be completed by October 11 and all discovery to be completed by October 18. Plaintiffs' consent to this request. If granted, the parties respectfully request that the Court enter the attached proposed scheduling order to account for these changes.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ *Brandon Cowart*
BRANDON H. COWART
Assistant United States Attorney
Telephone: (212) 637-2693
E-mail: brandon.cowart@usdoj.gov

Encl.

cc: Plaintiffs' Counsel (by ECF)

Application GRANTED.  A revised scheduling order will issue.

Plaintiffs' application for leave to serve a deposition subpoena by email on a non-party foreign national located in Mexico, *see* ECF No. 136, is DENIED.  Courts in this District have observed that non-party witnesses "generally must be subpoenaed pursuant to Federal Rule [of Civil Procedure] 45."  *City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 05345(KHP)(AJN), 2017 WL 11699076, at *6 (S.D.N.Y. June 16, 2017).  "If the witness is overseas though, the procedures of the Hague Convention or other applicable treaty must be utilized because foreigners located outside the United States are beyond the subpoena power of our courts."  *Id.; see also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009) ("[F]oreign nationals living abroad are not subject to subpoena service outside the United States." (collecting cases)).  Plaintiffs' cases, which are inapposite, do not hold otherwise.

The Clerk of Court is directed to terminate ECF Nos. 136 and 139.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: May 24, 2024