

U.S. Department of Justice

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

June 17, 2024

**By ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

      Re:    *Burton v. United States*, Case No. 18 CV 2039 (JHR)

Dear Judge Rearden:

      This Office represents defendant the United States, sued under the Federal Tort Claims Act, and defendants Anthony Bussanich, Robert Beaudouin, Ysmael Joaquin, Kimberly Shivers, Lorenzo Barazza, Gerald Castillo, Wilson Silva, Quentin Holzendorf, Terrence Thomas, Rosalind Silvia, and Shaadiq Shakir, all current or former employees of the Bureau of Prisons ("BOP") being sued in their individual capacities under *Bivens*.

      We write to respond to Plaintiffs' letter to the Court dated June 12, 2024, in which Plaintiffs seek an order compelling the Government to produce the names, resumes and certain documents identified in Plaintiffs' Rule 30(b)(6) Notice of Deposition of the United States (the "Notice") (attached hereto). The motion should be denied, as the Government has more than satisfied its Rule 30(b)(6) obligations.

      In response to the Notice, the Government informed Plaintiffs in April that we were grouping the Notice's topics into three separate categories and anticipated producing three BOP witnesses to testify about these three categories. Specifically, as we informed Plaintiffs, we anticipated producing a BOP Regional Correctional Services Administrator to testify concerning investigations of Special Investigation Supervisors, post order instructions, and documentation of inmate supervision (Notice Topic Nos. 1(c), 1(e), and 1(g)); a Regional Medical Director to testify concerning medication administration, sick call requests, and inmate access to medication (Notice Topic Nos. 1(a), 1(b), 1(f), and 1(h)); and the BOP's Chief of Records and Information Management Office to testify concerning document and retention policies (Notice Topic No. 1(d)). These witnesses will also testify concerning training in these respective topics (Notice Topic No. 2). Recently, by email sent to the undersigned on May 31, Plaintiffs added a fourth topic which is also subject to this motion – the BOP's policies for maintaining inmate emails. The Government is in the process of locating an appropriate witness to testify concerning this additional topic.

Long after the Government made these disclosures, on May 31, Plaintiff demanded that the Government disclose the names of the Rule 30(b)(6) witnesses and their resumes. But Rule 30(b)(6) does not require litigants to produce this information. Rather, in response to a Rule 30(b)(6) notice, an entity must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it **may** set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6) (emphasis added). That is all Rule 30(b)(6) requires. Neither Rule 30(b)(6) nor any other authority imposes a requirement upon an organizational party to identify in advance the representatives that it will produce. Indeed, Plaintiffs fail to cite any authority to support such a duty, as such information is considered "not relevant." *Cruz v. Durbin*, 11 CV 342, 2014 WL 5364068, at *8 (D. Nev. Oct. 20, 2014) (denying plaintiff's motion to compel for "see[king] irrelevant information," explaining that this deponent "testi[fies] on behalf of the organization"). Other courts have reached similar conclusions. As one district court explained in denying a motion to compel a party to identify a Rule 30(b)(6) witness in advance of the deposition:

> A witness testifying as a corporate representative is not required to have personal knowledge of the designated subject matter, rather, the organization named in the subpoena has a duty to make a good faith effort to prepare the designated representative to testify fully about the noticed subjects. Therefore, the identity of Defendants' corporate representatives is not relevant and Defendants are not required to identify their Rule 30(b)(6) witnesses prior to deposition. *Instead, Defendants satisfy their responsibility to designate corporate representatives by producing them at the deposition*.

*Roca Labs, Inc. v. Consumer Opinion Corp.*, 14 CV 2096, 2015 WL 12844307, *2 (M.D. Fla. May 29, 2015) (cleaned up) (emphasis added). The same reasoning applies to Plaintiffs' demand that Defendants produce the resume of each witness. The *curriculum vitae* of a witness is no more relevant than his or her identity. *See Klorczyk v. Sears, Roebuck & Co.*, 13 CV 257, 2015 WL 1600299, at *5 (D. Conn. Apr. 9, 2015) ("the Court will not require Sears to disclose the name or resume of its 30(b)(6) witness").

The Court likewise should deny Plaintiffs' motion to compel the Government to comply with the document demands attached to the Notice. In Request No. 1, Plaintiffs seek BOP policies and procedures about the Notice topics, but the Government produced these documents years ago in response to Plaintiffs' document requests. The other materials Plaintiffs demand in the Notice are documents the Rule 30(b)(6) witness has reviewed or "plan[s]" to review to prepare for the Rule 30(b)(6) deposition, Doc. Req. No. 2; those the witness "plan[s] to reference or rely upon during . . . [the] deposition" to answer unknown questions, Doc. Req. No. 3; those the witness may" require to refresh [his or her] recollection," Doc. Req. No. 4; and those the witness had any involvement with creating which relate to the "incidents described" in the Second Amended Complaint, a 37-page pleading containing 214 paragraphs, Doc. Req. No. 5. Any documents used to prepare the witnesses have already been produced to Plaintiffs. Because the Government does not know what questions Plaintiffs' counsel intends to pose at the depositions, we are not in a position to identify in advance any particular documents that the witnesses may need to refresh their recollections. Finally, to the extent any of the designated

witnesses have generated non-privileged documents relevant to Plaintiffs' allegations in the Second Amended Complaint, the Government has already produced those documents as well. Accordingly, as the Government has already produced, or cannot practicably identify, the materials Plaintiffs demand, the Court should deny their motion to compel.

  We thank the Court for its consideration of this matter.

              Respectfully,

              DAMIAN WILLIAMS
              United States Attorney for the
              Southern District of New York

           By: /s/ *Brandon Cowart*
              BRANDON H. COWART
              Assistant United States Attorney
              Telephone: (212) 637-2693
              E-mail: brandon.cowart@usdoj.gov

Encl.

cc: Plaintiffs' Counsel (by ECF)