

July 19, 2024

Hon. Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 11C
New York, NY 10007

By Electronic Filing.

Re:    Burton et al. v. Bussanich, et al., 18-cv-2039 (JLR)(SDA)

Dear Judge Aaron:

I am co-counsel for Plaintiff in the case above. Following the Court's Order at ECF No. 140, and the reference of this case to Your Honor for discovery purposes, I am writing about the deposition of a non-party in Mexico. Plaintiffs are moving under Federal Rule of Civil Procedure 28(b), 28 U.S.C. § 1781, and Chapter I of the Hague Evidence Convention for the issuance of the attached Letter of Request (**Exhibit 1**[1]).

By way of background (and as recited in the prior request), Plaintiff Franklin Sanchez died in March of 2015 while in custody at Metropolitan Correctional Center ("MCC")- New York. Leyrani Gomez was in federal custody and in the same housing area as Mr. Sanchez in the days leading up to - and at the time of - his death. In March of 2016, Mark Burton (the administrator here and original counsel for Mr. Sanchez's family and estate), interviewed Mr. Gomez via telephone while Mr. Gomez was still in federal custody. Shortly after that interview, Mr. Gomez sent a letter detailing the circumstances of Mr. Sanchez's death. Mr. Gomez's letter has been disclosed to defendants, along with an official translation and Mr. Burton's notes from the interview. True copies of these documents, and the official translation, are attached hereto (**Exhibits 2, 3, and 4**). Based upon this interview and his letter, Plaintiffs want to depose Mr. Gomez. However, Mr. Gomez was released from federal custody in September of 2016 and deported upon his release to Mexico. Plaintiffs have attempted to locate Mr. Gomez, including by hiring an investigator and reaching out to his criminal defense attorney, but we have been unable to find a mailing address for Mr. Gomez in Mexico. We have been able to locate an email address for Mr. Gomez.

When Plaintiff initially requested permission to serve a subpoena pursuant to Fed. R. Civ. P. 4(e)(1), 4(f)(3), and CPLR 308(5) Judge Rearden pointed out, traditionally, if "[a] witness is overseas…, the procedures of the Hague Convention or other applicable treaty must be utilized because foreigners located outside the United States are beyond the subpoena power of our courts." ECF No. 140,

---

[1] If and when the Court issues the Letter of request, with any changes the Court makes, Plaintiffs will have a certified translation into Spanish made. Once that translation exists, Plaintiffs will file a separate motion asking the Court to transmit the request directly as I understand is the typical procedure.



*quoting City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 05345(KHP)(AJN), 2017 WL 11699076, at *6 (S.D.N.Y. June 16, 2017). This request follows.

One such method, as Plaintiffs ask to use here, is sending a Letter of Request under the Hague Evidence Convention for any nation that is a signatory to that convention. *See, e.g., Blagman v Apple, Inc.*, 2014 US Dist LEXIS 45401, at *9 (SDNY Mar. 31, 2014); *In re Turquoise Hill Resources Ltd., Sec. Litig.*, 2023 US Dist LEXIS 146696, at *5 (SDNY Mar. 8, 2023); *Crouch v Liberty Pride Corp.*, 2016 US Dist LEXIS 122444, at *7 (EDNY Sep. 9, 2016). Mexico is a party to the Hague Evidence Convention.

> In general terms, the Hague Evidence Convention provides that in civil or commercial matters the courts of one contracting state have a right, by "Letter of Request" via a designated "Central Authority," to "obtain evidence or perform some other judicial act" through the courts of another contracting state, for use in "judicial proceedings, commenced or contemplated".

Cynthia Day Wallace, *"Extraterritorial" Discovery: Ongoing Challenges For Antitrust Litigation in an Environment of Global Investment*, 5 J. Int'l Econ. L. 353, 363-64 (2002).

Here, as "the party seeking to obtain discovery through the Convention," Plaintiffs have "the burden of demonstrating that the manner in which they are proceeding is necessary and appropriate." *Crouch*, 2016 US Dist LEXIS 122444, at *5-6 (citation omitted). The burden, however, is "not great," because "Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Id.* (citing authority). Boiled down, "[a] Letter of Request is properly granted by a Federal Court where there is compliance with the requirements of the Convention and the information sought is within the scope of discovery." *Id.*

As set out above and in the proposed Letter of Request (Ex. 1) itself, Mr. Gomez is an important, first-hand witness to Mr. Sanchez's death. Moreover, he gave an interview to Mr. Burton (the estate administrator) and sent a letter[2] recording his then-immediate impressions of Mr. Sanchez's death that confirms Plaintiffs' version of events and seems to reject the Government's version.

Thus, as the Court suggested in ECF No. 140, Plaintiffs ask the Court to issue the Letter of Request attached as Exhibit 1. As set out above, the letter complies with the Convention, and the information sought is clearly within the scope of discovery.

As ever, I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green

---

[2] Additionally, diligence is a critical factor in admission of the letter and interview notes on their own (as would be the cause of Mr. Gomez's unavailability) — but any dispute over that admissibility may be mooted by a deposition.

COHEN&GREEN                                                                                          Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com