# COHEN&GREEN

July 29, 2024

**BY ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re: *Burton, et al v. Bussanich, et al.*, 18 CV 2039 (JLR)(SDA)

Your Honor:

I am co-counsel for Plaintiffs in this medical malpractice and wrongful death action brought against the United States under the Federal Tort Claims Act, and against certain individuals employed by the Bureau of Prisons (the "BOP") under Bivens. This action arises from the death of Franklin Sanchez, a Colombian citizen who died in BOP custody after being extradited to the United States.

I write under section II of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference in advance of the Plaintiffs' motion to compel the name(s) of the BOP employee(s) responsible for implementing the litigation hold at MCC and for preserving relevant emails, phone call records, and the video which likely captured – at the least – Defendants eventually responding to Mr. Sanchez's death and then carrying his body out of his housing unit. Plaintiffs also respectfully request an Order extending discovery for the sole purpose of allowing Plaintiffs to depose the individuals who received notice of the litigation hold, including many of the individual Defendants who have already been deposed.

Attached as Exhibit 1 is the March 19, 2015 email sent from Adam M. Johnson, a staff attorney at MCC, transmitting a litigation hold memo regarding Plaintiff Franklin Sanchez's death (the "Litigation Hold"). It appears as though Defendants just produced this Litigation Hold email during the July 18, 2024 30(b)(6) deposition of Lindsey George, the BOP Chief of the Records and Information Management Office in BOP's Central Office. Plaintiffs have also recently deposed 30(b)(6) witness Richard Hollingsworth, the Correctional Service Administrator for BOP.

As is apparent from the Litigation Hold document, Mr. Johnson transmitted the Litigation Hold to several people, including many of the individual Defendants, four days after Mr. Sanchez's death. Plaintiff has already deposed the individual Defendants and has thus been deprived of the opportunity to depose them about the Litigation Hold, which appears to have been just produced. The Litigation Hold is not bate-stamped, and Defendants produced it during Ms. George's deposition. That same day, I emailed Mr. Cowart and asked him to produce the bate-stamped version of the Litigation Hold (along with several other pertinent documents Defendants produced during the George deposition which also were not bate-stamped).



By July 23rd, Mr. Cowart had not responded to my email, so I emailed him again asking for the bate-stamped Litigation Hold and to simply advise whether Defendants contend they produced the Litigation Hold before George's July 18th deposition. On July 24th, Mr. Cowart emailed and said he would get back to me on July 25th. He has not done so.

Until Ms. George's deposition on July 18, Defendants have attempted to cast the impression that they never preserved any video related to Mr. Sanchez because there was no "SIS Investigation" and therefore no duty to preserve such evidence was ever triggered. While this assertion in and of itself is legally incorrect, in light of the litigation hold it now appears to be factually false.

In October 2023, I conferred with AUSA Brandon Cowart multiple times during which he proposed producing a declaration regarding the BOP's video retention policies and explaining BOP's then position that because no criminal activity was suspected in Mr. Sanchez's death, no SIS investigation was done, and therefore no video was preserved. In November 2023, Defendants produced the Declaration of Anthony Pedone. *See* Exhibit 2. At the end of the Pedone Declaration at paragraph 9, Pedone attempts to create the impression that Defendants did not preserve any video footage because such preservation was only required under "BOP Program Statement 5500.15, *Correctional Services Manual*, and Program Statement 1380.11, *Special investigative Supervisor Manual* [which] specifically ordered the preservation of video recording in a calculated use of force incident and an immediate use of force incident (as soon as recording is feasible); otherwise, the SIS Department exercised discretion regarding video surveillance preservation."

In his Declaration, Pedone makes no mention of the Litigation Hold, which Hollingsworth and George both acknowledge created the government's obligation to preserve video. Contrary to Pedone's reference to "discretionary retention", George and Hollingworth made clear that such preservation would not have been discretionary due to the Litigation Hold. Based on the recently produced Litigation Hold and the recent 30(b)(6) depositions of Ms. George and Mr. Hollingsworth, it is clear that the nonexistence of the "SIS Investigation" is a red-herring since we now know that a Litigation Hold was sent out four days after Mr. Sanchez's death.

Mr. Hollingsworth further testified that in March of 2015 at MCC, the GS13 Captain or the acting Captain would have been responsible for downloading and saving any relevant video in response to the Litigation Hold. Hollingsworth further testified that the people who received the Litigation Hold know how to implement litigation holds, including the warden, the legal department, the lieutenants who "would take over with, especially getting this, they could go to the, the legal department and start asking them exactly what needs to be saved." Saving the video in this context, according to Hollingsworth, is not a difficult process. Ms. George testified that everyone at BOP is responsible for the proper management and safeguarding of the information they come into contact with, regardless of format, including videos.

BOP documents and the Pedone Declaration make clear, and Ms. George and Mr. Hollingsworth both testified, that video deleted automatically ten days after recording, but preserving the video would have been a very simple process of someone going into the BOP system and simply saving the video files.[1] Anyone could have done this – not just an SIS official. Ms. George and Mr. Hollingsworth agree that the Litigation Hold includes video and that video should have been preserved under the Litigation Hold. Hollingsworth and George also testified that all of

---

[1] Hollingsworth's deposition testimony varies slightly, stating that video automatically deletes after 14 days, but staff could manually delete it within 10.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

these requirements also apply to Mr. Sanchez's phone and email records, which have a much longer retention schedule, and which the government also deleted.

Indeed, during her deposition, Ms. George also produced a declaration (the "George Declaration"), where she stated "Despite the litigation hold being sent *within the ten-day window*, the Supervisory Attorney and the Staff Attorney at MCC New York inadvertently failed to confirm with SIS that relevant video footage had been preserved." George Declaration, Ex. 3 hereto, ¶ 11. However, in the prior paragraph, Ms. George admits that "the SIS Department consisted of rotating Lieutenants and one or two SIS technicians" and that the supervisory attorney transmitted the Litigation Hold to the relevant lieutenants. *Id.* at ¶ 10. Based on the testimony and documents thus far, it appears as though every individual copied on the Litigation hold had an obligation to preserve the video, phone, and email records.

Plaintiffs served discovery demands encompassing the requested material. Attached as Exhibit 4 are relevant portions of Plaintiffs' document demands where they request "All documents related to Mr. Sanchez or the Incident or any related investigation(s), including, but not limited to, all Communications related to Mr. Sanchez or the Incident or any related investigation(s)" and " All Communications, including electronic communications, to, from, or between Defendant(s), including, but not limited to, all such Communications with any medical personnel, concerning Mr. Sanchez, his medical condition, his death, any investigation(s) related to his death, or any other aspect of the Incident." *See* Exhibit 4 at demand numbers 2 and 8 respectively. Attached as Exhibit 5 is an internal email sent by agency counsel during this litigation confirming BOP's belief that no such video was preserved despite the litigation hold.

In light of the above, Plaintiffs respectfully request a pre-motion conference in advance of the Plaintiffs' motion to compel the name(s) of the BOP employee(s) responsible for implementing the litigation hold at MCC and for preserving relevant emails, phone call records, and the video which likely captured – at the least – Defendants eventually responding to Mr. Sanchez's death and then carrying his body out of his housing unit. Plaintiffs also respectfully request an Order extending discovery for the sole purpose of allowing Plaintiffs to depose the individuals who received notice of the litigation hold, including many of the individual Defendants who have already been deposed.

Plaintiffs thank the Court for its time and consideration.

Respectfully submitted,
 /s/ Jessica Massimi

Jessica Massimi

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com