# EXHIBIT 1

# LITIGATION HOLD

**Litigation Hold: SANCHEZ, Franklin, Reg. No. 71927-054**

| | |
|---|---|
| **From** | Adam Johnson |
| **To** | Adam Johnson, Atef Aboulfateh, Anthony Bussanich, Barbara Latham, Casanova Madison, Chito Evangelista, David Gonzalez, Darnel Richardson, David Damesquita, Elissa Miller, Erwin RamosElizabeth Rivera, Francisca Terrero-Leibel, Glenda Anderson-Layne, Ivy Jenkins-Cardew, Jose Frias, Julie Small, Jeffery A. Sewell, Jordan Hollett, Jane Okoth, Kimberly Shivers, Lorenzo Barraza, Lee Plourde, Maureen Baird, Michael Vitale, Michael Ward, Melissa RiosNikki Jackson, Nadina Jean, Nekita Joyner, Nancy Scheraga, NYM/Executive Staff, NYM/Lieutenants, Patrick Delaney, Robert Beaudouin, Ralph Guillaume, Stanley JeanStephanie Scannell, Tijuana Doctor, Terrance Thomas, Wanda Wingate, Ysmael Joaquin |
| **Date** | 2015/03/19 12:09 |
| **Subject:** | Litigation Hold: SANCHEZ, Franklin, Reg. No. 71927-054 |
| **Attachments:** | TEXT.htm, LitigationHoldSanchez.docx, SanchezLitHoldform.docx |

Please review the attached litigation hold memo.  Please review your paper files and computer files for anything related to the above inmate.  Please fill out and return the Litigation Hold form to me as soon as possible.  Thank you.


Adam M. Johnson
Supervisory Staff Attorney
CLC New York
Metropolitan Correctional Center
150 Park Row
New York, New York   10007
p: (646)836-6455
f: (646)836-7665

# UNITED STATES GOVERNMENT
## MEMORANDUM

Consolidated Legal Center, New York

**DATE:** March 19, 2015

**REPLY TO**
**ATTN OF:** A.M. Johnson, Supervisory Attorney/CLC Leader

**SUBJECT:** Litigation Hold

**TO:** All Concerned

**RE:** Preservation of Documents and Electronically Stored Information
SANCHEZ, Franklin, Reg. No. 71927-054

Please be advised that the Federal Bureau of Prisons (BOP) anticipates receiving litigation arising out of the death of Franklin Sanchez, Federal Register Number 71927-054.

The plaintiff may use the discovery process to obtain BOP records and other information related to this event. The law requires the BOP to preserve such information in whatever form it is generated and maintained. Therefore, the BOP requires your assistance to preserve any documents and other evidence, including electronically-stored information (ESI), in connection with:

* Mr. Sanchez's medical care and medical history
* Mr. Sanchez's outside consultations
* Mr. Sanchez's inmate records
* Mr. Sanchez's housing unit records (e.g. log books, etc.)

I strongly recommend preservation of anything that includes Mr. Sanchez's name.

Please review the attached "Frequently Asked Questions" for additional information about your obligation to preserve evidence for this case.

If you have any questions or concerns, please contact me at extension 6455.

Attachments

*Protected by the attorney-client and deliberative-process privileges and the work-product doctrine*

**FREQUENTLY ASKED QUESTIONS**

**Why was I sent this notice?**

You have been identified as an individual likely to have materials - information, documents, or physical objects - relevant to this matter.

**What materials do I have to preserve?**

As a Bureau employee, you are required to preserve all information related to the subject of the lawsuit until this matter is resolved. This requirement applies to paper copies as well as electronically-stored information ("ESI") on computer systems, on removable or portable electronic storage media, and on your personal home or portable computer, if you use it for work purposes.

**What is ESI?**

ESI may include, but is not limited to, emails and email archives, word processing documents, spreadsheets, databases, electronic calendars, telephone logs, digital voicemail, telemessages, and information on other kinds of media, including PDAs, BlackBerries, floppy disks, compact disks, and flash drives. ESI should be preserved in its originally-created, or "native" format.

**What exactly should I do?**

1. <u>Search</u>:  Please ensure a thorough search of each of these information sources, including any shared resources to which you may have access, is performed. We must complete the initial search immediately.

2. <u>Preserve</u>: For specific preservation instructions, see below. Failure to preserve and retain information may result in sanctions against the Bureau. Consequently, if you are unsure whether certain information should be preserved, err on the side of caution and preserve the information until you have spoken to me about it.

3. <u>Notify</u>:  If you have any relevant information regarding the plaintiff's allegations, please contact me as soon as possible. If, at any time during the course of this matter, you plan to retire, resign or move to another Bureau facility, notify me immediately. If you do not have any relevant information, please email me a negative response by the identified date.

4. <u>Distribute Notice</u>:  Please make sure this letter is distributed to all personnel in your office who may be involved in, or have information pertaining to, the abovementioned lawsuit. Please advise me if you are aware of additional Bureau personnel who may have potentially relevant information.

5. <u>Keep Records of Actions</u>: Document in writing the specific actions taken by your office in response to this memorandum and retain that documentation.

6. <u>Certify</u>:  Once you have read this memorandum, please sign and date below, scan the document, and return it to me via email.

***<u>Protected by the attorney-client and deliberative-process privileges and the work-product doctrine</u>***

**How should I preserve electronic information, such as email and WordPerfect documents?**

To preserve GroupWise messages, create a GroupWise folder in your Inbox exclusively for email related to the issues listed above and ensure the folder is archived using the archive feature of GroupWise. The archive should be stored in your home directory (H drive) as opposed to on your hard drive (C drive). To preserve word processing files, spreadsheets and databases, create a folder for this case in your home directory and move the material to that folder.

**What should I do with other types of electronic information?**

If you discover material located on your personal computer, voicemail, PDA, or BlackBerry please notify me so that we can take steps to preserve the information. If you have any questions about how to preserve certain ESI, please contact me.

**How should I preserve non-electronic documents and evidence?**

Non-electronic documents and evidence including personal or desk files, calendars, notes, correspondence, drafts (partial or complete), policies, manuals, or other things relevant to the case should be preserved in their present form. Segregate relevant documents and items from material not related to this case. You will be notified if we will need copies for use in this matter.

If you have any questions about your obligations to preserve data, do not hesitate to contact me. Complete the certification below and return a copy of this document with your signature to me as soon as possible (scanned and emailed copies are acceptable).

*Protected by the attorney-client and deliberative-process privileges and the work-product doctrine*