# EXHIBIT 4

# DEFENDANTS' DISCOVERY RESPONSES

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By: BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tele.: (212) 637-2693
Fax: (212) 637-2702
E-mail: brandon.cowart@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KENNETH MARK BURTON as the Administrator of the Estate of FRANKLIN RAMOS SANCHEZ, MADGA LILIANA MARTINEZ ACOSTA, Individually and as m/n/g of F.N.R.M., an Infant, and FRANCY TATIANA RAMOS MARTINEZ,

                Plaintiffs,

v.

UNITED STATES OF AMERICA; ANTHONY BUSSANICH, M.D., ROBERT BEAUDOUIN, M.D., TUNESIA MITCHELL, PA-C, YSMAEL JOAQUIN, MLP, JOHN DOE, M.D., OPERATIONAL LT. SHIVERS, BOP JOHN DOE SUPERVISOR 1, BOP JOHN DOE SUPERVISOR 2, and JOHN/JANE DOES Nos. 1-10,

                Defendants.

Case No. 18 CV 2039 (ER) (SDA)

---

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**SECOND SET OF INTERROGATORIES AND FIRST DEMAND FOR DOCUMENTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of the Local Civil Rules for the United States District Court of the Southern District of New York, defendants the United States of America, Anthony Bussanich, Robert Beaudouin, Tunesia Mitchell, Ysmael Joaquin, and Kimberly Shivers (together, "Defendants"), respond to Plaintiffs'

Second Set of Interrogatories ("Interrogatories") and First Request for Documents ("Requests") as follows.

## GENERAL RESPONSES AND OBJECTIONS

1. Defendants object to the Interrogatories and Requests to the extent they seek "all" information relating to a particular topic as being overly broad and unduly burdensome because they fail to identify with reasonable particularity the information being sought.

2. Defendants will produce documents as they are kept in the usual course of business. Production will be made in paper or PDF format.

3. All responses are subject to the Privacy Act Order and Protective Order governing discovery in this lawsuit.

4. In responding to the Interrogatories and Requests, Defendants follow the defined terms set forth in Local Rule 26.3. Accordingly, Defendants object to the Interrogatories' and Requests' defined terms and instructions to the extent inconsistent thereof.

5. <u>Medical Treatment</u>. This term refers to the medical care the decedent Franklin Ramos Sanchez ("Sanchez") received from staff of the Metropolitan Correctional Center ("MCC").

6. <u>Medical Monitoring</u>. This term refers to the monitoring of and response to Sanchez's health condition by MCC staff from March 13 to March 15, 2015.

7. <u>Medical Professional Defendants</u>. This term refers to Anthony Bussanich, Robert Beaudouin, Tunesia Mitchell and Ysmael Joaquin

8. Because individuals identified below are potential *Bivens* defendants, they should be reached through the undersigned counsel.

2

### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Document Request No. 1:**

**Documents identified in response to the preceding Interrogatories.**

**Response to Document Request No. 1:**

Defendants will search for and produce responsive records.

**Document Request No. 2:**

**All documents related to Mr. Sanchez or the Incident or any related investigation(s), including, but not limited to, all Communications related to Mr. Sanchez or the Incident or any related investigation(s).**

**Response to Document Request No. 2:**

Defendants object to this Request as vague, ambiguous and overbroad to the extent it demands that Defendants search for "all documents related to" Sanchez or "all Communications" related to Sanchez. Defendants further object to this Request to the extent it seeks information subject to the peer review privilege. *See Nowelle B. v. Hamilton Medical, Inc.*, 105 N.Y.S.3d 244, 245-46 (4th Dep't 2019). Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive records.

**Document Request No. 3:**

**All photographs, video, and audio recordings depicting Mr. Sanchez during the Pertinent Period.**

**Response to Document Request No. 3:**

Defendants have already searched for and produced all photographs of Sanchez. Defendants have no video or audio recordings depicting Sanchez.

**Document Request No. 4:**

**All photographs, video, and audio recordings the depict any BOP employee or agent interaction with Mr. Sanchez, or attempts to with Mr. Sanchez, from March 13, 2015-March 15, 2015.**

**Response to Document Request No. 7:**

Defendants object to this Request to the extent it demands that Defendants obtain records from non-BOP medical facilities not otherwise in their possession. Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive records.

**Document Request No. 8:**

**All Communications, including electronic communications, to, from, or between Defendant(s), including, but not limited to, all such Communications with any medical personnel, concerning Mr. Sanchez, his medical condition, his death, any investigation(s) related to his death, or any other aspect of the Incident.**

**Response to Document Request No. 8:**

Defendants object to this Request because it is unclear and therefore vague and ambiguous. The records being requested include "any other aspect of the Incident," where "Incident" is defined to mean Sanchez's death and purportedly "related" events which are "described" in the 215-paragraph First Amended Complaint. Defendants further object to this Request to the extent it seeks information subject to the peer review privilege. *See Nowelle B. v. Hamilton Medical, Inc.*, 105 N.Y.S.3d 244, 245-46 (4th Dep't 2019). Subject to and without waiving the foregoing objections, Defendants will search for and produce responsive records.

**Document Request No. 9:**

**All writings and Communications authored by Mr. Sanchez in the BOP's possession, including, but not limited to, any such writings or Communications concerning his medical treatment, requests for medical treatment, or complaints regarding medical treatment.**

**Response to Document Request No. 9:**

Defendants will search for and produce responsive records.

**Document Request No. 10:**

**All reports, documents, and writings in any form, including medical reviews, audits, investigation reports, memos, notes and related materials, concerning any and all administrative investigations referencing Mr. Sanchez's medical care and/or death.**

10

## AS TO THE INTERROGATORY RESPONSES

I, Stephanie Scannell-Vessella, agency counsel for the Federal Bureau of Prisons ("BOP"), state that I am authorized to make the foregoing responses to Plaintiffs' Second Set of Interrogatories on behalf of the BOP and that, while I do not have personal knowledge of all the facts recited in the foregoing responses, I state pursuant to the provisions of 28 U.S.C. § 1746, that these responses are true to the best of my knowledge, information and belief.

Dated: August 10, 2020
New York, NY

_____
STEPHANIE SCANNELL-VESSELLA

## AS TO OBJECTIONS AND RESERVATIONS OF RIGHTS

Dated: New York, New York
August 10, 2020

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: /s/ Brandon Cowart
BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2693
Fax: (212) 637-2702
E-mail: brandon.cowart@usdoj.gov