

August 6, 2024

Hon. Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 11C
New York, NY 10007

<u>By Electronic Filing.</u>

**Re:**    **Burton et al. v. Bussanich, et al., 18-cv-2039 (JLR)(SDA)**

Dear Judge Aaron:

I am co-counsel for Plaintiff in the case above.

In an abundance of caution, given the current discovery end date of August 15, I write regarding the timing and mechanics of making — and schedule for briefing — a significant spoliation motion. As set out below, this letter is in part intended to be a pre-motion letter, but largely — and perhaps more germanely — seeks to (1) clarify whether the spoliation motion should be directed Your Honor or Judge Rearden; (2) ask that the Court permit full briefing on these issues (rather than briefing by letter motion) in light of the significance of the issues; and (3) ask the Court's preference on timing, in light of the tension between the current discovery end date and the "remaining disputes" and "additional discovery" on this issue (*see generally* ECF No. 160) that ought to be resolved before briefing.

<u>Brief Background</u>

As the Court likely recalls, at the heart of this case is the death of Franklin Sanchez, a Colombian national extradited to the United States on criminal charges who died while in custody at the MCC. A major issue in the case is when, exactly, it was clear Mr. Sanchez needed medical treatment. The parties have fiercely disputed whether and when certain clear signifiers of that took place — other inmates yelling for help, Mr. Sanchez not being able to stand, Mr. Sanchez being visibly sick, and so on.

Throughout the case, the Government has asserted there was no video and no litigation hold was issued. However, after certain depositions, the Government has admitted that was untrue — and, in fact, a litigation hold was issued in March 2015, which covered video of the unit where Mr. Sanchez died. *See* ECF No. 154-1. The Government's claim is not that the video did not exist, and not even that it should not have been preserved, but only that "[d]espite the litigation hold being sent within the ten-day window, the **Supervisory Attorney and the Staff Attorney at MCC New York inadvertently failed to confirm with SIS that relevant video footage had been preserved.**" ECF No. 154-3 ¶ 11 (emphasis added). Put otherwise, no disputes that the video is relevant, that it is



important, or even that it should have been preserved. The only disputes are over whether that destruction was intentional in the sense required by Rule 37(e)(2).

Likewise, Defendants allowed **all** emails in the TruLinks[1] system and **all** recordings of calls made to and from Mr. Sanchez to be destroyed. And they admitted in in recent 30(b)(6) depositions that there was an unambiguous obligation to preserve both. Those emails and calls would have similarly shown — in a manner that is irreplaceable — that contrary to Defendants' defenses, Mr. Sanchez's health was obviously and clearly declining. Ms. Acosta, for example, testified that she traded emails on TruLinks with Mr. Sanchez the Wednesday before he died on a Sunday, and that they discussed his health. And Mr. Sanchez may well have emailed or called others noting the decline in his condition and trying to get help — but it is impossible to know that with the entire set of records destroyed.

Issues around the destruction of the video, emails, and calls — including in particular discovery around the intent element that needs to be resolved under Fed. R. Civ. P. 37(e)(2) — are still being litigated. *See, e.g.,* ECF No. 154. However, the close of discovery is currently set for August 15, 2024, so Plaintiffs wish to make sure this issue is on the Court's radar.

## Spoliation Discussion

Under Rule 37(e), spoliation can be addressed in two ways. If the Court finds "prejudice to another party from loss of the information," it "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). However, if there is a finding that the spoliating party "acted with the intent to deprive another party of the information's use in the litigation," the Rule provides three options for escalated sanctions. Fed. R. Civ. P. 37(e)(2). Here, both issues are in play. Some spoliation remedy is clearly necessary, but exactly what it is depends (at least in part) on the outcome of the "additional discovery" the Court talked about in ECF No. 160.

A Virginia District Court has decided a case on virtually identical facts to those known now on the video — though discovery is ongoing on factors that get at intent.[2] *See, e.g., Jenkins v Woody*, 2017 US Dist LEXIS 9581, at *45 (ED Va Jan. 21, 2017) (imposing 37(e)(1) sanctions, but declining to find intent for 37(e)(2)). That Court's explanation of the prejudice applies here with the same force:

> by making the Video Data unavailable, Sheriff Woody has deprived Plaintiff of the best and most compelling evidence of what happened in cell 3A1 in the evening of August 1, 2014. The Video Data would have been the only unbiased and dispassionate depiction of events that occurred between 5:00 p.m. and 10:48 p.m. on August 1, 2014, when Ms. Jenkins collapsed, was taken to the hospital, and ultimately died. Plaintiff's prejudice is immense.

---

[1] Because of how TruLinks works, the recipient does not have a copy of the email — instead, they must login to a government system to access it. So, when the government destroyed the emails here, Plaintiffs and anyone else lost their copies of the emails.

[2] Defendants' failure to disclose the litigation hold, among other things, may also get at intent.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



2017 US Dist LEXIS 9581, at *45-46.  So too here:  Plaintiffs have been deprived of "the best and most compelling evidence" of what happened in the minutes, hours, and days before Mr. Sanchez died — and Defendants apparently intend to argue that other inmates are lying when they testify about what happened, having already deprived Plaintiffs of "the only unbiased and dispassionate depiction of events."  *Id.*

And beyond what happened in *Jenkins*, here, Defendants have also destroyed emails and phone recordings that would be, call it, a "[second] best and most compelling" sort of evidence.[3] The prejudice from losing both of those sets of records cannot be overstated.

The *Jenkins* Court awarded significant sanctions that would be appropriate here too — namely:

(1) The Court will tell the jury that the video was not preserved; (2) The Court will allow all parties to present evidence and argument at trial regarding Sheriff Woody's destruction of, or failure to preserve, the Video Data. The jury will be instructed that it may consider that evidence, along with all the other evidence in the case, in making its decision; (3) The Court will preclude any evidence or argument that the contents of the video corroborated the Defendants' version of events; (4) The Court will preclude any evidence or argument that on August 1, 2014, Erin Jenkins was exhibiting "the same," "identical," or "similar" symptoms as those she demonstrated on July 31, 2014, when she was seen by Dr. Emran; and, (5) The Court will award fees to Ms. Jenkins.

*Id.* at *46-47.  If Plaintiffs ultimately cannot prove intent — a showing that would move this out of 37(e)(1) as in *Jenkins,* and into 37(e)(2)— then the Court should substantially follow suit:  offering similar instructions to the jury and bars on certain arguments, because that is what is "necessary, but not greater than necessary, to cure the significant prejudice" from losing the video, email, and call recordings everyone agrees Defendants wrongfully destroyed.  And Plaintiff believes full, formal briefing would be helpful in explaining why and setting out exactly the details of the remedy.

**Timing and Briefing**

Following the remaining discovery on these issues, Plaintiffs intend to move on this issue. So, for the reasons above, Plaintiffs asks the Court to:

(1) Allow full, formal briefing for this issue;
(2) Clarify how the Court would like to handle timing, given the remaining discovery (which would need to extend past the current close of discovery and current discovery end date; and
(3) Let Plaintiffs know if a motion should be directed to Your Honor, or to Judge Rearden.

As ever, I thank the Court for its time and consideration.

---

[3] That the spoliation was not just of one kind of document, but of an extremely wide array of documents, might be another factor going towards intent under Rule 37(e)(2).



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457 · FemmeLaw.com



Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

COHEN&GREEN

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480  · f : (929) 888.9457  · FemmeLaw.com