

August 9, 2024

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
By Electronic Filing.

    Re:    <u>Burton, et al v. Bussanich, et al.</u>, 18 CV 2039 (JLR)(SDA)

Dear Judge Aaron:

    I am co-counsel for Plaintiffs in this medical malpractice and wrongful death action brought against the United States under the Federal Tort Claims Act, and against certain individuals employed by the Bureau of Prisons (the "BOP") under Bivens. This action arises from the death of Franklin Sanchez, a Colombian citizen who died in BOP custody after being extradited to the United States.

    I write pursuant to the Court's August 5, 2024 Order directing Plaintiffs to file a reply by today "setting forth any remaining disputes, and/or advising the Court of any agreements reached by the parties." On August 6th the parties met and conferred by phone for about 30 minutes. Present for the Plaintiffs were myself, Remy Green, and a summer associate. Present for the Defendants were Brandon Cowart and Mollie Kornreich.

    During the call, I informed the Defendants that – in light of the recently disclosed litigation hold – Plaintiffs are now seeking to depose the two current and two former BOP employees who Defendants recently identified as having been responsible for saving video footage from the relevant MCC surveillance cameras on March 19, 2015, and the relevant corresponding people for call and emails as explained in Plaintiffs' letter at ECF No. 154. Following the meeting, Defendants' counsel have represented that the people whose bottom-line responsibility it was to preserve the emails and phone call recordings to and from Mr. Sanchez are the same four people identified as responsible on the video front. Defendants have agreed to produce the current employees, and have said they do not object to depositions of the two former employees and intend to produce last known addresses and contact information.

    Additionally, during this call, Defendants alluded to the obvious prejudice created by their belated disclosure of the litigation hold by stating that it is possible these four witnesses will actually have no memory of the litigation hold or its precipitating circumstances. The government further noted that they have no obligation to prepare any of these four witnesses to testify about the issues for which they disclosed them. In light of this, Plaintiffs also informed Defendants that they would then seek to depose any other 30b6 or fact witness to fill in memory or knowledge gaps which may exist by way of Defendants having deprived Plaintiffs of deposing the Defendants and four recently



disclosed witnesses about the litigation hold, by way of Defendants late and recent disclosure of same. Defendants have not yet taken a position on further depositions, which the parties believe are better addressed following the four agreed to, since what those witnesses remember is likely to influence whether further depositions are appropriate or necessary.[1]

We have also asked Defendants to provide, regarding the 2 witnesses who no longer work for the BOP, their last dates of employment and last known contact information including phone numbers, email, and residential addresses, which they have agreed to provide as noted above.

We would also like to directly address some puzzling statements from defense counsel in their opposition at ECF No. 159. Defendants make the following incorrect claims (in italics):

*Plaintiffs have not stated a basis for re-deposing Defendants and already had an opportunity to ask them about document retention.* Not so. The basis is that Defendants denied even the existence of any litigation hold until recently and several Defendants are actually copied on the Litigation Hold. Thus, Plaintiffs clearly have not had an opportunity to depose Defendants about the Litigation Hold they personally received.

*Plaintiffs have not pointed to deficiencies in the Government's retention of relevant ESI other than the housing unit video.* Again, not so. Plaintiffs motion to compel at ECF No. 154 stated "Based on the testimony and documents thus far, it appears as though every individual copied on the Litigation hold had an obligation to preserve the video, phone, and email records" and thus Plaintiffs are seeking "the names of the BOP employees responsible for implementing the litigation hold at MCC and for preserving relevant emails, phone call records, and the video . . .".

*The litigation hold did not specifically mention surveillance video footage nor the housing unit surveillance video.* As stated in Plaintiffs' motion. "In his Declaration, Pedone makes no mention of the Litigation Hold, which Hollingsworth and George both acknowledge created the government's obligation to preserve video. Contrary to Pedone's reference to 'discretionary retention,' George and Hollingworth made clear that such preservation would not have been discretionary due to the Litigation Hold. Based on the recently produced Litigation Hold and the recent 30(b)(6) depositions of Ms. George and Mr. Hollingsworth, it is clear that the nonexistence of the 'SIS Investigation' is a red-herring since we now know that a Litigation Hold was sent out four days after Mr. Sanchez's death."

Finally, contrary to Defendants' claims, Plaintiff did request the Litigation Hold as described at ECF 154. Plaintiffs served discovery demands encompassing the requested material. Attached to ECF 154 as Exhibit 4 are relevant portions of Plaintiffs' document demands where they request "All

---

[1] There is one other deposition issue. There was a technical issue in the deposition of Defendants Terrance Thomas, which the vendor said prevents certification or transcript of some portions of that record. Plaintiffs have worked with the vendor investigating whether any other way is available to recover those lost portions of the transcript, but the answer appears to be no. We have reached out to Defendants to confer on potentially retaking those portions, and limited questioning addressing the Litigation Hold that Defendant Thomas was cc'd on, since the deposition would be happening anyway. We are working with Defendants on this issue.



Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Case 1:18-cv-02039-JHR-SDA    Document 165    Filed 08/09/24    Page 3 of 3



documents related to Mr. Sanchez or the Incident or any related investigation(s), including, but not limited to, all Communications related to Mr. Sanchez or the Incident or any related investigation(s)" and " All Communications, including electronic communications, to, from, or between Defendant(s), including, but not limited to, all such Communications with any medical personnel, concerning Mr. Sanchez, his medical condition, his death, any investigation(s) related to his death, or any other aspect of the Incident." See Exhibit 4 at demand numbers 2 and 8 respectively.

Plaintiffs thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
Jessica Massimi
  *Honorific/Pronouns: Ms., she/her/hers*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com