


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 26, 2025

**By ECF**
Hon. Stewart D. Aaron
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Burton, et al. v. United States of America*, *et al.*, No. 18 Civ. 2039 (JHR) (SDA)

Dear Judge Aaron:

    This Office represents the remaining defendants (the "Government")[1] in this case, which arises from the death of Franklin Sanchez, a Colombian national who died while in custody at the MCC in March 2015. On February 19, 2025, we submitted a joint letter motion, on behalf of all remaining parties, requesting a settlement conference and a temporary stay of discovery. Dkt. No. 174. The Court granted that motion on February 20, 2025, and scheduled the conference for March 7, 2025, at 10 a.m. Dkt. No. 175. We now write respectfully to request that (1) the settlement conference be adjourned to a date on or after April 4, 2025, to provide additional time for the Government to obtain settlement authority and guidance in advance of the conference, and (2) that Your Honor modify the attendance requirements for the conference with respect to the Government, for the reasons explained below.

    Settlement authority for Plaintiffs' FTCA claim in this case comes from multiple sources, including supervisors in this Office or others at the Department of Justice, depending on the dollar amount of the settlement,[2] as well as a concurrence from the Bureau of Prisons ("BOP"). We therefore require additional time to obtain authority before the conference. Plaintiffs' counsel is not available the week of March 24, and BOP counsel who is most knowledgeable about this case is unavailable March 31-April 3. Accordingly, we respectfully request that the Court adjourn the

---

[1] Specifically, this Office represents defendant the United States of America ("United States"), which is sued under the Federal Tort Claims Act ("FTCA"), and defendants Anthony Bussanich, Robert Beaudouin, Ysmael Joaquin, Kimberly Shivers, Lorenzo Barazza, Gerald Castillo, Wilson Silva, Quentin Holzendorf, Terrance Thomas, Rosalind Silvia, and Shaadiq Shakir, who are current or former employees of the Bureau of Prisons sued in their individual capacity under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

[2] The U.S. Attorney may approve settlements that are not over $1.0 million. 28 C.F.R. § 0.168(d)(2) & App'x to 28 C.F.R. Pt. 0, Subpt. Y (Directive No. 1-15). Settlements beyond the U.S. Attorney's authority, and not over $4 million, require the approval of an Assistant Attorney General ("AAG"). 28 C.F.R. § 0.160(a)(3). Settlements beyond an AAG's authority require approval by the Deputy Attorney General or the Associate Attorney General. 28 C.F.R. § 0.161.

conference to a date on or after April 4, 2025. Plaintiffs consent to this request, but we understand that Plaintiffs' counsel is unavailable the last three Mondays and Tuesdays in April.

It may not be possible for the Government to determine in advance of the conference which DOJ official has ultimate settlement authority for the FTCA claim. However, we anticipate that the requested additional time will permit us to consult with supervisors in our Office and, to the extent necessary, the Torts Branch of the DOJ Civil Division to receive guidance regarding settlement. Should the parties reach an agreement that requires further DOJ approval, we will subsequently submit a settlement package to the relevant official.

We also respectfully request that the Government be excused from Your Honor's settlement conference attendance requirements, including the requirement that any party who is not a natural person must send to the conference the person "with ultimate responsibility for approving any settlement," and the requirement that all parties attend the conference. Plaintiffs take no position on these requests. For the reasons explained above, it is not possible for the Government to determine in advance of the conference which DOJ official has ultimate settlement authority for the FTCA claim. Further, given the leadership and supervisory roles of the individuals who might have such authority, most of whom are based in Washington, D.C., it would be a significant hardship for them to participate either in person or by telephone. However, although no Government agency is a party, the Government intends to have a knowledgeable representative from BOP present at the conference, in compliance with Your Honor's Settlement Conference Procedures for government agency parties. The Government therefore respectfully requests that it be excused from the requirement that the person with ultimate settlement authority attend the conference.

In addition, the Government respectfully requests that the 11 individual defendants be excused from attending the conference. Plaintiffs cannot recover on both the FTCA and *Bivens* claims in this action. *See* 28 U.S.C. § 2676 (judgment in an FTCA action "shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim"); *Ortiz v. Pearson*, 88 F. Supp. 2d 151, 166 (S.D.N.Y. 2000). The Government anticipates that any settlement of the FTCA claim reached by the parties in this matter will be paid entirely by the United States and likely involve dismissal of Plaintiffs' claims against the individual defendants. It is therefore unnecessarily burdensome for each of the individual defendants to appear at the conference, and the Government respectfully requests that the Court excuse their attendance.

We thank the Court for its consideration of these requests.

        Respectfully,

        MATTHEW PODOLSKY
        Acting United States Attorney for the
        Southern District of New York

By:  */s/ Mollie Kornreich*
      MOLLIE KORNREICH
      BRANDON H. COWART
      Assistant United States Attorneys
      86 Chambers Street, Third Floor
      New York, NY 10007
      Telephone: (212) 637-2693/3274
      E-mail: brandon.cowart@usdoj.gov
              mollie.kornreich@usdoj.gov

cc:     Plaintiffs' Counsel (by ECF)