UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENNETH MARK BURTON as the Administrator of the Estate of FRANKLIN RAMOS SANCHEZ, MAGDA LILIANA SANCHEZ ACOSTA, Individually and as the m/n/g of F.N.R.M., an Infant, and FRANCY TATIANA RAMOS SANCHEZ,

                                      Plaintiffs,

            -against-

UNITED STATES OF AMERICA, ANTHONY BUSSANICH, M.D., ROBERT BEAUDOUIN, M.D., YSMAEL JOAQUIN, MLP, NURSE TERRANCE THOMAS, OPERATIONS LIEUTENANT KIMBERLY SHIVERS, OPERATIONS LIEUTENANT LORENZO BARRAZA, HOUSING UNIT OFFICER QUENTIN HOLZENDORF, HOUSING UNIT OFFICER GERALD CASTILLO, HOUSING UNIT OFFICER SHAADIQ SHAKIR, HOUSING UNIT OFFICER ROSALIND SILVIA, SENIOR OFFICER WILSON SILVA, BOP JOHN DOE SUPERVISOR 1, BOP JOHN DOE SUPERVISOR 2, and JOHN/JANE DOES Nos. 1-5,

                                      Defendants.
-------------------------------------------------------------------X

No. 18-cv- 2039 (JHR)(SDA)

## [PROPOSED] COMPROMISE ORDER

WHEREAS, the above-referenced matter came before the Court for approval as to the reasonableness of a settlement between the United States of America and the plaintiffs, including Kenneth Mark Burton as the Administrator of the Estate of Franklin Ramos Sanchez (the "Estate");

WHEREAS, pursuant to New York Estates Powers and Trusts Law § 5-4.6, this Court is of competent jurisdiction to approve the compromise of this action;

WHEREAS, the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release (hereinafter "Settlement Agreement"), attached hereto as Exhibit A;

WHEREAS, the Court has reviewed Plaintiffs' motion for approval of the settlement, and the Declaration of Elena L. Cohen ("Cohen Declaration") and the exhibits annexed thereto, and the Court is fully informed of the specifics of the full and final terms and conditions of the settlement as set forth in the Settlement Agreement, including the necessity of the approval by a court of competent jurisdiction on behalf of the Estate, as well as the approval by the Attorney General of the United States or her designee; and

WHEREAS, the Court finds that the terms and conditions of this settlement, as set forth in the Settlement Agreement, are fair, reasonable, and in the best interest of the Estate, and that the terms and conditions of the settlement satisfy the requirements of Local Civil Rule 83.2,

**NOW**, on Plaintiffs' motion for a compromise order, and all papers submitted in support thereof, it is hereby

**ORDERED**, that the total proposed settlement amount of one million nine hundred ninety-nine thousand nine hundred ninety-nine dollars ($1,999,999.00), inclusive of all costs, disbursements and attorneys' fees (the "Settlement Amount"), is hereby approved as just, fair, and reasonable, and it is further

**ORDERED**, that a settlement with the United States, as set forth in Exhibit A, is hereby approved, and that Kenneth Mark Burton, as administrator of the Estate, be and hereby is authorized and required to sign the Settlement Agreement and any other documents necessary to consummate the settlement, and the Court ratifies his signature on the Settlement Agreement dated July 17, 2025, on behalf of the Estate,  and it is further

**ORDERED**, that the Settlement Amount shall be distributed according to the terms and conditions of the Settlement Agreement. It is further ordered that, pursuant to New York Estates Powers and Trusts Law § 5-4.6(a), upon submission to this Court of proof of filing of a petition for allocation in the New York County Surrogate's Court on behalf of Franklin Ramos Sanchez's Estate, Plaintiffs' attorneys, Cohen Green PLLC and the Law Office of Gideon Orion Oliver, may draw checks for the following out of the total Settlement Amount:

(a) The sum of $487,345.56 for legal fees in connection with representing Plaintiffss in this matter. The Court finds that these attorneys' fees are fair and reasonable and do not exceed the statutory maximum of twenty-five percent allowed under the Federal Tort Claims Act, 28 U.S.C. § 2678.

(b) The sum of $50,616.75 for their costs and for the reimbursement of disbursements and expenditures properly made on Plaintiffs' behalf. *See* Burton Declaration Exhibit D. The Court finds that these costs and expenses associated with the litigation are fair and reasonable, and it is further

**ORDERED**, that the balance of the settlement, to wit one million four hundred sixty-two thousand thirty-six dollars and sixty-nine cents ($1,462,036.69), shall be paid to Plaintiffs' counsel to hold in an interest-bearing escrow account until such time as the New York County Surrogate's Court has issued an order apportioning and distributing the balance of the settlement proceeds, and it is further

**ORDERED**, that this Court shall not retain jurisdiction of this matter, and that Plaintiffs, upon final execution of the Settlement Agreement and after payment of the Settlement Amount by the United States, shall immediately cause to be filed with the Court a dismissal of the action in its entirety with prejudice, with each party bearing its own costs, expenses and fees.

SO ORDERED:

_____
Hon. Jennifer H. Rearden
United States District Judge


Dated: _____, 2025
        New York, NY