UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENNETH MARK BURTON as the Administrator of the
Estate of FRANKLIN RAMOS SANCHEZ, MAGDA
LILIANA SANCHEZ ACOSTA, Individually and as the
m/n/g of F.N.R.M., an Infant, and FRANCY TATIANA
RAMOS SANCHEZ,

                                              Plaintiffs,         No. 18-cv- 2039 (JHR)(SDA)

        -against-

UNITED STATES OF AMERICA, ANTHONY
BUSSANICH, M.D., ROBERT BEAUDOUIN, M.D.,
YSMAEL JOAQUIN, MLP, NURSE TERRANCE
THOMAS, OPERATIONS LIEUTENANT KIMBERLY
SHIVERS, OPERATIONS LIEUTENANT LORENZO
BARRAZA, HOUSING UNIT OFFICER QUENTIN
HOLZENDORF, HOUSING UNIT OFFICER GERALD
CASTILLO, HOUSING UNIT OFFICER SHAADIQ
SHAKIR, HOUSING UNIT OFFICER ROSALIND
SILVIA, SENIOR OFFICER WILSON SILVA, BOP
JOHN DOE SUPERVISOR 1, BOP JOHN DOE
SUPERVISOR 2, and JOHN/JANE DOES Nos. 1-5,

                                             Defendants.
------------------------------------------------------------------X

**DECLARATION IN SUPPORT OF APPLICATION FOR COMPROMISE ORDER**

      KENNETH MARK BURTON, Plaintiff in the above-captioned case as Administrator of the Estate of FRANKLIN RAMOS SANCHEZ, declares the following statements are true under penalty of perjury pursuant to 28 U.S.C. § 1746:

      1.     I am the Administrator of the Estate of FRANKLIN RAMOS SANCHEZ, who died on March 15, 2015 at United States Bureau of Prisons facility at 150 Park Row, New York, New York, known as The Metropolitan Correctional Center ("MCC") – New York ("MCC-NY").

1

2. I make this application by Notice of Motion supported by this declaration and its exhibits, as well as the Declaration of Elena L. Cohen, and based on all of the prior papers and proceedings had herein, rather than by way of Notice of Petition and Petition, and in substantial compliance with New York Estates, Powers, and Trusts Law, consistent with Local Civil Rule 83.2(a)(1).

3. I presently reside at 9066 E. Nassau Avenue, Denver, Colorado, 80237.

4. I am also an attorney duly admitted to practice law in the state of Colorado. I am a solo practitioner. My firm, the Law Office of Mark Burton, P.C., is located at 1175 Osage Street, Suite 200, Denver, Colorado, 80204.

5. I was appointed Administrator FRANKLIN RAMOS SANCHEZ's estate on March 7, 2017 and brought the above-captioned lawsuit, which includes, among other claims, claims under the Federal Tort Claims Act ("FCTA") for medical malpractice; wrongful death and conscious pain and suffering; negligence; and negligent supervision, hiring, and retention.

6. I now submit this Declaration pursuant to the Court's Local Civil Rule 83.2 in support of Plaintiffs' application for a Compromise Order concerning this lawsuit.

7. Prior to Mr. Sanchez's extradition to the U.S. and detention at MCC-NY, he resided at 90th Street, #59-86, 1st Floor, Rio Negro, Colombia.

8. At the time of his death, Mr. Sanchez was 56 years old. A true copy of Mr. Sanchez's death certificate is attached as Exhibit A.

9. The Office of the Chief Medical Examiner of the City of New York conducted an autopsy. The autopsy report concludes that Mr. Sanchez's cause of death was Acute Necrotizing Pancreatitis with Complicating Cholelithiasis. A true copy of the autopsy report is attached hereto as Exhibit B.

10. Because Mr. Sanchez did not have a will, and because none of his distributes were citizens or permanent residents of the United States, I was appointed as Administrator of his Estate. On March 7, 2017, the Honorable Rita Mella, Judge of the New York County Surrogate's Court, granted Limited Letters of Administration to me. Such Letters permitted me to prosecute this action arising from Mr. Sanchez's death on behalf of his Estate but require Court permission to compromise any such claim. To date, the Letters of Administration have not been revoked and are currently in full force and effect. A true copy of the Limited Letters of Administration are attached hetero as Exhibit C.

11. Mr. Sanchez has three distributees, who are also Plaintiffs here: (1) his wife, Magda Liliana Martinez Acosta; (2) his daughter, Francy Tatiana Ramos Martinez; and (3) his son, Franklin Sanchez Jr., who was a minor at the time of filing and is now an adult. If the Court grants this petition, I will petition the Surrogate's Court to fix the appropriate apportionment and distribution of the proceeds here between these distributees. I am waiving any statutory fee I might be entitled to as Administrator.

12. I retained Elena L. Cohen and Gideon Orion Oliver as my counsel prior to filing this case.

13. They not only litigated this action for almost a decade, but consistently counseled myself and Mr. Sanchez's family to answer all questions we had, and kept us updated on results of their investigations and reports of medical experts. I know they worked very hard to get us the best result possible.

14. After extensive litigation, and following a settlement conference among the parties before United States Magistrate Judge Stewart D. Aaron, the United States has made an offer to settle this matter for $1,999,999.00.

15. I believe that it is in the best interests of the distributees of the Estate to accept the settlement so offered and that this is the largest amount that can be obtained without further litigation.

16. The grounds for my belief, based upon the advice of counsel and my own experience as counsel, is that $1,999,999.00 is a reasonable settlement of the action, taking into account all of the relevant facts and circumstances, including the likelihood of Plaintiffs' success at trial. All discovery in the case has been completed aside from possible expert depositions. Any larger recovery would have been through a trial, with the always possible risk of a verdict for the defense.

17. In view of the results that my attorneys achieved, I request that the Court approve a fee and costs according to our retainer agreement and in accordance with the Federal Tort Claims Act, which limits attorney's fees to 25% of a recovery.

18. Here, counsel expended $50,616.75 in costs. A spreadsheet itemizing these costs is attached hereto as Exhibit D.

19. After costs, the net amount of settlement is $1,949,382.25.

20. 25% of that sum is $487,345.56.

21. The total of those costs and fees is $537,962.31.

22. As such, I request that the Court approve $50,616.75 in costs and $487,345.56 in attorney's fees, for a total of $537,962.31, to be paid to my attorneys.

23. I am not aware of any medical or hospital bills outstanding, and there are no assignments, compensation claims, or liens filed with me as Administrator. Should I become aware of any such liens or tax liabilities, I will present those to the Surrogate's Court for payment from the net settlement proceeds.

24.    No previous application has been made for the relief sought herein.

25.    I have not become interested in this matter at the instance of the potentially liable tortfeasors or anyone acting on their behalf directly or indirectly.

**WHEREFORE,** I respectfully ask that the Court issue a Compromise Order authorizing me to settle all claims against the Defendants in the above-captioned matter and discontinue this case in exchange for the payment of $1,999,999, and fixing attorneys' fees and costs at $537,962.31 therefrom.

Dated: July 17, 2025
Boulder, Colorado

*K Mark Burton*
Kenneth Mark Burton